IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
5:12-CR-351-F-16

| UNITED STATES OF AMERICA | ) | |
|---|---|---|
| | ) | |
| v. | ) | **ORDER OF DETENTION PENDING** |
| | ) | **TRIAL** |
| JAMIE LOU DENNING, | ) | |
| | ) | |
| Defendant. | ) | |

This case came before the court today for hearing on the government's motion, pursuant to 18 U.S.C. § 3142(f), to detain defendant pending trial. The government presented the testimony of an agent with the North Carolina State Bureau of Investigation. The defendant presented the testimony of the proposed third-party custodian, her mother. The court also reviewed the pretrial services report. After careful consideration pursuant to 18 U.S.C. § 3142(g) of the credible information and argument submitted, and based on the findings and reasons stated below and in open court, the court finds by clear and convincing evidence that there is no condition or combination of conditions that will reasonably assure the safety of any other person and the community before trial if defendant is released. The government's motion is therefore GRANTED.

**Background**

Defendant was charged in 2 counts of a 24-count indictment on 24 October 2012 with: conspiracy to manufacture, distribute, dispense and possess with the intent to distribute 500 grams or more of a mixture and substance containing a detectable amount of methamphetamine beginning in or about January of 2006 and continuing up to and including on or about the date of the indictment in violation of 21 U.S.C. § 841(a)(1) and 846 (ct. 1); and possession of

pseudoephedrine with the intent to manufacture methamphetamine on or about 25 January 2012 in violation of 21 U.S.C. § 841(c)(1) (ct. 24).

The evidence presented at the hearing showed that the charges arise from a sophisticated conspiracy lasting for more than five years involving the production of over five kilograms of methamphetamine, arrangements with numerous people to obtain supplies for the production of methamphetamine, and the use of firearms to protect the methamphetamine production facility used. Defendant was one of numerous people who bought pseudoephedrine for the conspiracy, a necessary ingredient for methamphetamine.

## Discussion

Given the nature of the charges, the rebuttable presumption of detention in 18 U.S.C. § 3142(e)(3) applies, and the court has considered it, although defendant proffered sufficient evidence to shift the burden of production to the government. In addition to the presumption, the principal findings and reasons underlying the court's determination that detention is required include the following: evidence showing that the government has a strong case, including the evidence reviewed above; the drug-related nature of the offenses charged; the circumstances of the offenses charged, including the scale, sophistication, and duration of the drug conspiracy; defendant's criminal record, including four misdemeanor convictions (all based on guilty pleas), one formal probation revocation, commission of the instant conspiracy offense and a misdemeanor drug offense while on probation, commission of this same misdemeanor drug offense within eight days after two state court appearances at which she was placed on probation for drug offenses, and eight failures to appear (showing disregard for the law); the danger of continued offense conduct by defendant if released; defendant's purchase of pseudoephedrine on three occasions in August and October 2012; defendant's active methamphetamine addiction; the

unsuitability of the proposed third-party custodial arrangement due to the absence of the proposed custodian from the home for fulltime work and extended work during tax season (the proposed custodian is a CPA), the presence of defendant's minor daughter in the proposed custodial home, and the extent of the risk danger presented by defendant; and the other findings and reasons stated in open court.

The court considered evidence offered as mitigating, such as her relatively limited role in the conspiracy as a supplier of pseudoephedrine. It finds, however, that the factors favoring detention outweigh such evidence. Defendant is in the throes of active methamphetamine addiction. This addiction has resulted not only in her use of methamphetamine, but her participation in production of it. The court believes that this shows there is a very strong likelihood that defendant would continue such production should she be released and that there are no conditions it can impose that would reasonably address this risk. Defendant's poor performance on probation contributes strongly to its view that defendant is unlikely to honor conditions it could impose to address the danger presented by defendant.

## **Conclusion**

IT IS THEREFORE ORDERED that defendant is committed to the custody of the Attorney General or his designated representative for confinement in a corrections facility separate, to the extent practicable, from persons awaiting or serving sentences or being held in custody pending appeal. Defendant shall be afforded a reasonable opportunity for private consultation with defense counsel. On order of a court of the United States or on request of an attorney for the government, the person in charge of the corrections facility shall deliver defendant to the United States Marshal for the purpose of an appearance in connection with a court proceeding.

This, the 6th day of November 2012.

James E. Gates
United States Magistrate Judge